**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50306 |
| Plaintiff-Appellee, | D.C. No. 8:14-cr-00110-JLS-2 |
| v. | |
| THERESA FISHER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before:  TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

Defendant-appellant Theresa Fisher contends that the district court committed several errors that individually and cumulatively created sufficient prejudice to warrant a new trial.  We disagree and therefore affirm her conviction.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** We agree with Fisher that the district court should not have admitted the portion of Lindsay Hardgraves' confession that inculpated Fisher. Because Hardgraves did not testify at trial, admission of that portion of her confession violated Fisher's Confrontation Clause rights. *See Bruton v. United States*, 391 U.S. 123, 126 (1968). However, Fisher did not object to admission of this evidence at trial, so we may review only for plain error. Even assuming that the error was clear and obvious, Fisher cannot show that admission of this evidence affected her substantial rights. *See United States v. Olano*, 507 U.S. 725, 734 (1993). The government's case against Fisher was strong, predicated in part on the following evidence: testimony by five witnesses who claimed to have been coached by Fisher; testimony by a co-conspirator that both she and Fisher were pressured to bring in patients for insurance-covered procedures; forged doctors' notes with Fisher's handwriting; text messages between Fisher and patients regarding insurance coverage for cosmetic procedures; and recordings of Fisher on the phone with one of the patients discussing insurance coverage. This evidence overwhelmingly implicated Fisher in the mail fraud scheme. As a result, we cannot say that the *Bruton* error affected Fisher's substantial rights.

**2.** The videotape of Fisher's meeting with the undercover agent was admissible, notwithstanding the government's erroneous hearsay objection. We

will assume that Fisher properly sought to introduce the videotape. Nonetheless, we conclude that exclusion of the tape was harmless error given the government's strong case against Fisher.

Even when combined with the *Bruton* error mentioned above, the error in excluding the videotape does not warrant a new trial. The government has shown, based on the strength of the evidence presented at trial, that it is more probable than not that these two errors "did not materially affect the verdict." *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005).

**3.** The district court did not err in giving a deliberate avoidance instruction. A deliberate avoidance instruction may be given when a criminal statute requires that the defendant acted "knowingly," as is the case here. *See United States v. Jewell*, 532 F.2d 697, 702–04 (9th Cir. 1976) (en banc). Fisher argues that the jury might have convicted her merely upon finding that she deliberately avoided learning that the procedures were not medically necessary, without also finding that she knew the procedures were fraudulently billed to insurance companies. This argument ignores the fact that the jury was required to find that Fisher acted with an "intent to defraud" in addition to finding that she acted knowingly. In order to find an intent to defraud, the jury must have found that Fisher intended to defraud someone or something, and in this case that was the insurance companies.

**4.** Fisher contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the jury was required to find the facts that form the basis for the restitution determination. This argument is foreclosed by our decisions in *United States v. Green*, 722 F.3d 1146, 1149 (9th Cir. 2013), *United States v. Eyraud*, 809 F.3d 462, 471 (9th Cir. 2015), and *United States v. Alvarez*, __ F.3d __, 2016 WL4547362 (9th Cir. Sept. 1, 2016). As we noted in *Eyraud*, *Apprendi* does not apply to restitution orders, and *Paroline v. United States*, 134 S. Ct. 1710, 1726 (2014), does not discredit that holding. 809 F.3d at 471.

**AFFIRMED**.

U.S. v. Fisher, 15-50306

SILVERMAN, Circuit Judge, concurring:

I concur in the result.  It would have been error for the district court to have admitted Hargraves's statement over a *Bruton* objection.  But there wasn't any *Bruton* objection or any other objection.  A party may have perfectly valid reasons for declining to object to evidence that is technically objectionable, but that causes no harm in the context of the facts and the theory of the defense.  Just as an appellate lawyer chooses which rulings to challenge on appeal and which ones to let go, the same is true of trial lawyers and objections.  Not every witness has to be cross-examined; not every evidentiary objection has to be made.  Good lawyers pick their fights.

Why didn't defense counsel raise a *Bruton* objection here?  The answer is: We don't know. Counsel may have had a strategic reason for his decision, or he may have been asleep at the switch.  If it's the latter, that's what a § 2255 motion premised on ineffective assistance counsel is for.  However, I don't agree that it was error per se for the judge to have admitted testimony that wasn't objected to, even if it could have been.